UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BEDWELL, et al., | Case No. 07-CV-0065-WQH (JMA) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR RETURN OF DOCUMENTS FROM PLAINTIFF** |
| v. | |
| FISH & RICHARDSON P.C., etc., et al., | |
| Defendants. | |

The Court convened telephonic conferences on November 26 and 29, 2007 to address a request by Defendant Fish & Richardson P.C. ("Defendant" or "the firm") that Plaintiff Suzanne Moreno ("Plaintiff") return certain documents in her possession to Defendant. Plaintiff, in pro se, appeared on her own behalf. Matthew Dente, Esq. appeared on behalf of Defendant.

**A.   Background**

On November 2, 2007, Defendant's counsel, with the Court's permission, submitted a letter to the undersigned in which he advised that he had learned, through discovery, that Plaintiff was in the possession of "certain confidential documents"

belonging to Defendant. Defendant's counsel requested that the Court convene a teleconference to discuss the return of the documents to Defendant.

During the conference calls with the Court, Defendant's counsel explained that Plaintiff had, in response to discovery requests propounded by Defendant, produced copies of documents to Defendant which Defendant believes are wrongfully in Plaintiff's possession. Specifically, Defendant argues that Plaintiff, who previously worked as a paralegal for Defendant, took these documents from Defendant upon her departure from the firm without the firm's authorization. These documents include Document Nos. 6-15, consisting of Plaintiff's time records reflecting work she performed on behalf of firm clients, and Document Nos. 1-5 and 16-55, consisting of e-mails between Plaintiff and her managers and/or the Human Resources department at the firm. As described by the parties, there are three general categories of e-mails: (1) communications regarding Plaintiff's request for a transfer to Defendant's Dallas office, (2) communications regarding Plaintiff's reassignment to Defendant's San Diego office, and (3) communications regarding Plaintiff's work assignments.

Defendant requests that the Court order Plaintiff to return all of the above documents to it on the basis that the documents belong to the firm and that Plaintiff is not authorized to possess them. Defendant argues that the proper method by which Plaintiff should seek to obtain these documents is via discovery. In the alternative, Defendant requests that the Court enter a protective order.

//

**B.   Discussion**

    **1.   Documents Containing References to Defendant's Clients and Services Performed or to be Performed by Plaintiff on Behalf of the Firm's Clients**

The Court finds that the time records (Document Nos. 6-15) and any e-mail(s) regarding Plaintiff's work assignments (including Document No. 16), which reportedly contain client names and relate to services performed or to be performed by Plaintiff on behalf of the firm's clients, should be returned to Defendant's counsel. Plaintiff may keep an inventory of the documents returned, but may not keep copies of any such documents. If Plaintiff wishes to obtain copies of the documents, she must request them from Defendant via discovery.

Plaintiff has advised the Court that she is currently in Dallas due to a matter involving the health of a family member, and will not return to Washington, D.C., where her documents are located, until the week of December 17, 2007. The Court accordingly **ORDERS** Plaintiff to mail the above-referenced documents to Defendant's counsel by <u>no later than December 21, 2007</u>.

    **2.   Documents Regarding Matters Relating to Plaintiff's Individual Status as an Employee of Defendant**

The Court finds that the e-mails which concern Plaintiff's individual status as an employee of Defendant, such as her request for a transfer to the Dallas office or her reassignment to the San Diego office, and which do not contain client names and concern services performed or to be performed by Plaintiff on behalf of the firm's clients, are of a different character and warrant different treatment than the above documents. Defendant

1 argues that because the transmission of the e-mails occurred on
2 the firm's computer system and the e-mails were printed from a
3 firm computer, the e-mails necessarily belong to Defendant and
4 could not be copied and taken by Plaintiff without the firm's
5 authorization pursuant to Defendant's Confidentiality Policies
6 and Procedures.[1]  Defendant also cites two cases in support of
7 its position that the e-mails must be returned to the firm and
8 that Plaintiff engaged in "self-help" discovery by taking the
9 documents without the firm's authorization: Pillsbury, Madison &
10 Sutro v. Schectman, 55 Cal. App. 4th 1279, 1288-89 (1997) and
11 Camp v. Jeffer, Mangels, Butler & Marmaro, 35 Cal. App. 4th 620,
12 640-41 (1995).

13   The Court finds first that Defendant is taking too broad a
14 view of its Confidentiality Policies and Procedures.  The Court
15 has carefully reviewed the policies and procedures and does not
16 find that they prohibited Plaintiff from printing the subject e-
17 mails and retaining them for her personal use, even if the e-
18 mails were transmitted on and printed from the firm's computers.
19 These e-mails do not relate to the representation of a firm
20 client, but rather relate to Plaintiff's individual relationship
21 with her employer.  Defendant's policies do not conclusively
22 establish that Defendant is the sole owner of these documents,
23 and the Court finds that the e-mails cannot be swept into the
24 broad category of property which belongs to the firm.

25   The Court further finds that the cases cited by Defendant
26 are distinguishable.  In Pillsbury, the California Court of

---

[1] At the Court's request, Defendant provided to the Court a copy of its Confidentiality Policies and Procedures and Plaintiff's signed forms acknowledging receipt thereof.

Appeal upheld a ruling by the trial court that certain documents that had come into the possession of current and former employees of the Pillsbury, Madison & Sutro law firm ("Pillsbury") had been removed improperly from Pillsbury and were required to be surrendered to it.  The documents at issue were described as "communications within the human resources department relating to employees" and, more specifically, as documents "*not directed to any of the former employees concerning their individual status as employees* of [Pillsbury] but, rather, . . . documents relating to the performance of their duties while employed by the firm." Pillsbury, 55 Cal. App. 4th at 1282 (emphasis added).  The e-mails at issue here are reportedly communications directed to and from Plaintiff regarding *her individual status as an employee at the firm*.  Therefore, they are of a completely different character than the documents at issue in Pillsbury.

Moreover, the court in Pillsbury found that the employees there had engaged in "self-help" discovery, described as "evidence gathering by employees for use in contemplated litigation against their soon-to-be former employers." Id. at 1287.  Here, Defendant has not established that Plaintiff engaged in such "self-help" discovery.  The mere fact that Plaintiff is in the possession of these e-mails does not automatically render them the product of "self-help" discovery.  As set forth above, Defendant has not established that Plaintiff is in wrongful possession of these documents, and has not demonstrated that Plaintiff took the e-mails for use in this litigation.  The Pillsbury case, therefore, is distinguishable from the facts of

this case.[2]

The Camp case, cited by Defendant, is also distinguishable. Camp involved documents taken from a law firm by a former employee which consisted of "correspondence or memoranda between [a firm attorney] and the firm's clients or other attorneys." Camp, 35 Cal. App. 4th at 640. The California Court of Appeal upheld the trial court's ruling that the documents had to be returned to the law firm as they were protected by the attorney-client privilege. The e-mails at issue here are of a completely different character, and are not protected by the attorney-client privilege. Therefore, Camp does not apply to this situation.

**3.  Protective Order**

While the Court does not believe the entry of a protective order is mandatory with respect to the e-mails that Plaintiff is permitted to keep pursuant to this Order, the parties may enter into a protective order governing the use and dissemination of confidential documents in this case.

**C.  Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's request for return of documents from Plaintiff is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff shall return the time records in her

---

[2] The situation here is completely different from that involved in Furnish v. Merlo, 128 Lab. Cas. (CCH) ¶ 57,755 (D. Or. Aug. 29, 1994), a case the Pillsbury court discussed at length and whose facts it deemed "most closely resemble" those in Pillsbury. Pillsbury, 55 Cal. App. 4th at 1287. In Furnish, "a manager in her final days of employment gathered confidential documents, including a corporate compensation list, personnel agreements, and a list of employee stock options. She then sued for discrimination and turned over her cache of documents to her counsel for use in the litigation." Id. at 1286. Defendant has made no showing that anything resembling the "self-help discovery" in Pillsbury and Furnish took place here.

1  possession (Document Nos. 6-15) as well as any e-mail in her
2  possession which contains references to Defendant's client's
3  names and services performed or to be performed by Plaintiff for
4  Defendant's clients (including Document No. 16).  These documents
5  shall be mailed to Defendant's counsel by no later than <u>December
6  21, 2007</u>.  **Plaintiff shall return these documents to Defendant's
7  counsel even in the event that Plaintiff's motion for stay [Doc.
8  No. 61] is granted by Judge Hayes in the interim**.
9       2.   Plaintiff is not required to return to Defendant any e-
10 mails which pertain to her individual status as an employee of
11 the firm, including her request for a transfer to the Dallas
12 office or her reassignment to the San Diego office.
13      **IT IS SO ORDERED.**
14 DATED:   December 3, 2007

_____
Jan M. Adler
U.S. Magistrate Judge