1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SAM BEDWELL, SUZANNE M.                       CASE NO. 07CV00065 WQH (JMA)
     MORENO, AND JONATHON SIMON,
12                                                 ORDER GRANTING
                                        Plaintiffs, DEFENDANTS' MOTIONS TO
13        vs.                                      DISMISS

14   FISH & RICHARDSON, P.C., a corporation,
     CARL E. MANNING, AND MARTHA
15   HUFFMAN,

16                                      Defendants.

17

18   HAYES, Judge:

19        Pending before the Court are: (1) Defendant Fish & Richardson P.C.'s motion to dismiss

20   Plaintiff's California Paid Family Leave Program (PFL) claim (Part 1 of Plaintiff's claim three) (Doc.

21   # 81.); (2) Defendant Carl E. Manning's motion to dismiss Plaintiff's PFL and California Family

22   Rights Act (CFRA) claims (Parts 1 and 2 of Plaintiff's claim three) (Doc. # 83.); and (3) Defendant

23   Martha Huffman's motion to dismiss Plaintiff's PFL, CFRA, and federal Family Medical Leave Act

24   claims (Parts 1, 2, and 3 of Plaintiff's claim three).   (Doc. # 82.)   All Defendants also moved to

25   dismiss Plaintiff's claims one, two, four and five.

26                          **PROCEDURAL BACKGROUND**

27        On November 21, 2006, Plaintiffs Sam Bedwell, Suzanne M. Moreno, and Jonathon Simon

28   filed a Complaint in San Diego Superior Court against Defendant Fish & Richardson P.C.  (Doc. #

1 at 1.)  On January 10, 2007, Defendant Fish removed the action to this Court.  (*Id.*)  On February

6, 2007, Plaintiffs Bedwell, Moreno, and Simon filed a First Amended Complaint, naming Fish

and Does 1 through 25 as Defendants.  (Doc. # 9.)

On May 11, 2007, the Court granted the parties' joint motion to dismiss Simon's claims.

(Doc. #29.)  On May 25, 2007, the Court granted the parties' joint motion to dismiss Bedwell's

claims.  (Doc. # 34.)

On September 25, 2007, Moreno moved for leave to file a Second Amended Complaint,

which Fish did not oppose.  (Docs. # 54, 55.)  On December 14, 2007, Moreno filed a Second

Amended Complaint (SAC), naming Fish, Carl E. Manning, and Martha Huffman as Defendants.

(Doc. # 70.)  On December 14, 2007, the Court stayed all proceedings until a scheduled status

conference on March 24, 2008. (Doc. # 69.)

On May 1, 2008, Defendants Fish, Manning, and Huffman filed the pending motions to

dismiss.  (Docs. # 81, 82, 83.)  On May 23, 2008, Moreno filed an opposition to the Defendants'

motions.  (Doc. # 90.)  On June 2, 2008, the Defendants each filed a reply. (Docs. # 86, 87, 88.)

## ALLEGATIONS OF THE COMPLAINT

On or about February, 24, 2003, Defendant Fish hired Plaintiff Moreno. (*SAC* ¶ 7.)  On or

about May 10, 2004, Moreno learned that her mother, who was living in Dallas, Texas, had been

diagnosed with breast cancer. (*SAC* ¶ 9.)  Plaintiff alleges that when she requested a transfer to

Fish's Dallas office to assist her ailing mother, Defendant Manning told her that she would have to

use sick leave and vacation time in order to go to Dallas to care for her mother.  (*SAC* ¶ 10.)

Moreno alleges that Manning failed in his affirmative duty to inform Moreno that she was entitled

to 12 weeks of family medical leave.  (*SAC* ¶ 10.)

On May 28, 2004, Moreno went to Dallas, Texas, using personal vacation time and sick

leave. (*SAC* ¶ 11.)  On June 28, 2004, Moreno began working a 30-day temporary assignment at

Fish's Dallas office.  Defendant Martha Huffman supervised Moreno's work in Dallas.  (*SAC* ¶

13.)  Moreno alleges that during the time that Plaintiff worked in Dallas, Huffman failed to inform

Plaintiff that Plaintiff was entitled to 12 weeks of family medical leave.  (*SAC* ¶ 15.)

Moreno alleges that on July 1, 2004, Fish and Manning breached their affirmative duties to

07CV 00065

1   tell Moreno that she was eligible for an additional six weeks of paid leave under the California

2   Paid Family Leave insurance program.  (*SAC* ¶ 16.)  On July 29, 2004, Huffman told Moreno that

3   there was not enough work for her in Fish's Dallas Office.  (*SAC* ¶ 14.)  Moreno also learned that

4   her position in San Diego had been filled, that her "temporary position" was actually a transfer,

5   and that she would be released from Fish's employment altogether.  (*SAC* ¶ 14-15.)   On August 9,

6   2004, Moreno was reinstated to her San Diego post. (*SAC* ¶ 17.)

7          In December of 2004, Moreno again requested time off to move her sick mother from

8   Dallas to San Diego.  (*SAC* ¶ 20.)  Moreno alleges that Fish and Manning again breached their

9   duties to tell her about her right to paid family medical leave.  (*SAC* ¶ 20-21.)  In claim three of her

10  Second Amended Complaint, Moreno alleges that Defendants Fish, Manning, and Huffman each

11  violated the federal Family Medical Leave Act (FMLA), the California Family Rights Act (CFRA)

12  and the California Paid Family Leave Insurance Program by not informing Moreno of her rights

13  (*SAC* ¶¶ 30-37.).

14                              **STANDARD OF REVIEW**

15          A motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the

16  pleadings.  *De la Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  To survive a motion to dismiss

17  under FED. R. CIV. P. 12(b)(6), the allegations of the complaint must raise the "right of relief above

18  the speculative level, on the assumption that all the allegations in the complaint are true (even if

19  doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007); *see also Broam v.*

20  *Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

21                                  **DISCUSSION**

22  **I. Claims one, two, four, and five against all Defendants**

23          In Plaintiff's original complaint, as well as in the First Amended Complaint, Plaintiff

24  asserted claims for hostile work environment, gender discrimination in pay, and wrongful

25  termination.  However, in the SAC, Plaintiff indicates that she no longer wishes to go forward with

26  these claims.  Under the headings for claims one, two, four and five in the SAC, Plaintiff notes the

27  following: "Plaintiff MORENO wishes to remove this cause of action and all factual allegations

28

related to those claims."[1] (*SAC* ¶¶ 28, 29, 38, 39.)  After reviewing the SAC, the Court concludes that Plaintiff wishes to voluntarily dismiss claims one, two, four and five.  Accordingly, claims one, two, four and five are DISMISSED against all Defendants.

**II. Plaintiff's California Paid Family Leave Insurance Program Claim (Part 1 of Claim 3)**

Plaintiff claims that Fish, Huffman, and Manning violated the California Paid Family Leave Insurance Program (PFL) when they denied her request for family medical leave and refused to reinstate her.  (*SAC* ¶ 31.)  Fish, Manning, and Huffman moved to dismiss and strike the portions of the SAC pertaining to Plaintiff's claim under the PFL.  (Docs. # 81 at 4; # 82 at 4; # 83 at 4.)  Defendants contend that the PFL provides benefits to workers who take time off to tend to a qualifying need, but does not create a private right of action nor a guarantee of employment upon the employee's return.  *See* 22 CCR § 3301(a)-1.

"The question of whether a regulatory statute creates a private right of action depends on legislative intent. The Legislature ... has the power to limit private statutory civil actions to, for example, certain classes of individuals or types of claims." *Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1457 (2006) (internal citations omitted).  The PFL itself states that "[t]he right to benefits [under this] code does not provide leave rights or any form of job protection."  22 CCR § 3301(a)-1.  The Court concludes that the statute clearly indicates that the PFL creates no guarantee of time off from work or future employment.  *See* 22 CCR § 3301(a)-1.  Moreno contends that her PFL claim should go forward because public policy demands employer liability, but she cites no authority to support her proposition that Fish, Manning, and Huffman should be liable for omissions they had no obligation to avoid.  (Doc. # 88 at 5.)  Because the Court finds that the PFL creates no private right of action, Plaintiff's PFL claims are dismissed against Fish, Manning, and Huffman.

**III. Plaintiff's California Family Rights Act Claim against Huffman and Manning (Part 2 of Claim 3)**

Defendant Fish did not move to dismiss Plaintiff's California Family Rights Act claim

---

[1]As a technical matter, because the most recent amended pleadings supercede earlier filings, Moreno only had to omit these claims from her SAC in order to remove them from consideration.

1  against it. However, Defendants Huffman and Manning contend that Plaintiff cannot state

2  violations of the CFRA against them as a matter of law. (Docs. # 82 at 5; # 83 at 5.)  Huffman

3  moves to dismiss the CFRA claim against her because (1) supervisors are not individually liable

4  under the CFRA, (2) the CFRA cannot apply to Huffman because she never worked with Plaintiff

5  in California, (3) Plaintiff failed to timely exhaust her administrative remedies, and (4) Moreno

6  failed to timely file her civil complaint against Huffman.  (Doc. # 82 at 5.)  Manning moves to

7  dismiss the CFRA claim against him because (1) supervisors are not individually liable under the

8  CFRA, and (2) because Plaintiff failed to timely file her civil complaint against Manning. (Doc. #

9  83 at 5-6.)

10     The California Family Rights Act is codified at CAL. GOV. CODE § 12945.2.  The

11  California Supreme Court has ruled that the Fair Employment and Housing Act, of which the

12  CFRA is part, does not impose individual liability on managers and supervisors, who are not direct

13  "employers."  *See  Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173

14  (2008); *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998).  "Under the plain meaning of the statute,

15  individual supervisors cannot be sued for retaliation under the CFRA."  *Miskuski v. Crescent*

16  *Heights of America, Inc.*, No. 06CV2739 BTM(LSP), 2007 U.S. Dist. LEXIS 37223 at *14 (S.D.

17  Cal. May 21, 2007).  The federal Family Medical Leave Act imposes supervisor liability, and

18  Moreno contends that the CFRA should be read to impose individual liability on supervisors

19  because the CFRA and FMLA are substantially similar. However, after reviewing the CFRA, the

20  Court concludes that the plain language of the CFRA forecloses supervisor liability.  *Id.*

21  Accordingly,  Moreno's CFRA claim against Huffman and Manning is DISMISSED for failure to

22  state a cognizable claim upon which relief may be granted.

23  **IV. Plaintiff's Family Medical Leave Act Claim against Huffman (Part 3 of Claim 3)**

24     Only Defendant Huffman contends that Plaintiff's claim under the federal Family Medical

25  Leave Act should be dismissed as time-barred with respect to her.  (Doc. # 82 at 12.)  Plaintiff

26  contends that she did timely file by substituting Huffman as a Doe defendant, and that the

27  amended complaint naming Huffman as a defendant relates back to the filing of the original

28  complaint. (Doc. # 90 at 6.)

1    An employee alleging a violation of the Family Medical Leave Act generally has two years

2    to file suit.  29 U.S.C.§ 2617(C)(1).  Huffman contends that her last contact with Moreno took

3    place on July 29, 2004, more than three years before Moreno named Huffman as a Defendant in

4    this case.  (Doc. # 82 at 13.)  Moreno contends that under California law her allegations against

5    Huffman would relate back to her original complaint, thereby making her claims against Huffman

6    timely.  California relation-back doctrine is irrelevant to this claim under federal law.  Rule 15 of

7    the Federal Rules of Civil Procedure applies.  FED. R. CIV. P. 15.  To relate back under Rule 15,

8    the new claim must arise out of the same nucleus of operative fact as that described in the original

9    complaint. If the amendment changes or adds a party, that new party must (1) not be prejudiced in

10   time to prepare a defense and (2) have known or ought to have known that the action would have

11   been brought against it but for a mistake concerning the proper party's identity.  FED. R. CIV. P. 15

12   (c).

13   Here, Plaintiff's FMLA claim against Huffman relates back to the same event or series of

14   events giving rise to Plaintiff's FMLA claim against Fish.  However, Plaintiff cannot claim that

15   she was ignorant of Huffman's true identity when filing the original complaint.  (Doc. #1.)   In

16   fact, Plaintiff could have and should have named Huffman in the original complaint if she intended

17   to sue Huffman.  Accordingly, Rule 15 precludes relation back of the amendment adding Huffman

18   as a Defendant to Plaintiff's FMLA claim.  Plaintiff's FMLA claim against Huffman is

19   DISMISSED for failure to file within the limitations period.

20   **CONCLUSION**

21   It is hereby ordered that: (1) Defendant Fish & Richardson P.C.'s motion to dismiss

22   Plaintiff's California Paid Family Leave Program (PFL) claim (Part 1 of Plaintiff's claim three)

23   (Doc. # 81.) is GRANTED; (2) Defendant Carl E. Manning's motion to dismiss Plaintiff's PFL

24   and California Family Rights Act (CFRA) claims (Parts 1 and 2 of Plaintiff's claim three) (Doc. #

25   83.) is GRANTED; and (3) Defendant Martha Huffman's motion to dismiss Plaintiff's PFL,

26   CFRA, and federal Family Medical Leave Act claims (Parts 1, 2, and 3 of Plaintiff's claim three)

27   is GRANTED.  (Doc. # 82.)

28   Claims one, two, four and five are DISMISSED in their entirety against all Defendants;

Plaintiff's Paid Family Leave claim (part 1 of claim 3) is DISMISSED in its entirety against all Defendants; Plaintiff's California Family Rights Act claims (part 2 of claim 3) are DISMISSED against Defendants Huffman and Manning; Plaintiff's Family Medical Leave Act claim (part 3 of claim 3) is DISMISSED against Defendant Huffman.

**IT IS SO ORDERED.**

DATED:  August 6, 2008

**WILLIAM Q. HAYES**
United States District Judge

07CV 00065