UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BEDWELL, et al., | ) Case No. 07-CV-0065-WQH (JMA) |
| Plaintiffs, | ) **ORDER CLARIFYING NOVEMBER 12,** |
| v. | ) **2008 ORDER** |
| FISH & RICHARDSON P.C., etc., et al., | ) |
| Defendants. | ) |

On November 12, 2008, the Court issued an Order Following Telephonic Case Management Conference which set forth, *inter alia*, the following:

> Plaintiff advised the Court that she and Defendants' counsel, Matthew Dente, Esq., had met and conferred regarding written discovery propounded by Defendants upon Plaintiff, and that she had agreed to provide substantive responses to all outstanding discovery with the exception of two items:  (a) the school(s) in Texas to which she had submitted applications and (b) the employment positions she had sought in Texas.  After Defendants' counsel, Julie Dunne, Esq., who partici-pated in the conference, agreed to limit the time frame of the information sought to 2004, Plaintiff agreed to provide responses.

Nov. 12, 2008 Order at 2.

1  On December 22, 2008, Plaintiff Suzanne Moreno and Defen-
2  dants' counsel, Julie Dunne, Esq. and Matthew Dente, Esq.,
3  participated in a joint telephone call with the undersigned's law
4  clerk during which Plaintiff requested clarification of the above
5  language. Plaintiff explained that Defendants had served a
6  subpoena for records upon the University of Arkansas for records
7  pertaining to her attendance at the University's law school
8  during the 2005-06 school year. The subpoena was issued out of
9  the Western District of Arkansas on December 5, 2008. Plaintiff
10 believes that the above language precludes Defendants from
11 serving such a subpoena because it seeks information (1) from a
12 school outside of Texas and (2) relating to a time period outside
13 of 2004. Defendants disagree with this interpretation, and
14 contend that the above language relates only to the parties'
15 resolution of a previous discovery issue concerning different
16 discovery requests served by Defendants upon Plaintiff, and the
17 Court's confirmation thereof.

18  Defendants are correct. The above-cited portion of the
19 Court's November 12 Order pertained only to the discovery dispute
20 before the Court at that time. The Court did not rule, with
21 respect to Plaintiff's school records, that only information
22 pertaining to schools in Texas during the 2004 time frame was
23 relevant. The Order does not preclude Defendants from serving
24 additional discovery requests or third party subpoenas which seek
25 relevant information, even if such discovery falls outside of the
26 scope of the agreement reached with respect to the previous
27 written discovery served upon Plaintiff. In other words, the
28 compromise reached between the parties on the prior written

1  discovery, and the Court's confirmation thereof, does not prevent
2  Defendants from seeking additional discovery of relevant informa-
3  tion.
4      Although it is for the court out of which the subpoena was
5  issued, i.e., the Western District of Arkansas, to resolve any
6  objections to the subpoena (see Fed. R. Civ. P. 45(c)(3)), the
7  Court here is satisfied that the subject subpoena seeks informa-
8  tion relevant to the claims and defenses in this case, in accor-
9  dance with Fed. R. Civ. P. 26(b)(1).
10     **IT IS SO ORDERED.**
11 DATED:   December 22, 2008

_____
Jan M. Adler
U.S. Magistrate Judge