1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   SAM BEDWELL, SUZANNE M.                        CASE NO. 07cv65-WQH-JMA
     MORENO, and JONATHON SIMON,
12                                                  **ORDER**
                                    Plaintiffs,
13              vs.
     FISH & RICHARDSON, P.C., CARL E.
14   MANNING, and MARTHA HUFFMAN,
15                                   Defendants.

16   HAYES, Judge:

17         The matters before the Court are the Motion for Voluntary Dismissal, filed by Plaintiff

18   Suzanne M. Moreno (Doc. # 104); the Order to Show Cause why this case should not be closed

19   (Doc. # 118); and the Magistrate Judge's recommendation to this Court that Section III.A. of

20   Plaintiff's "Reply to Defendants' Response to the Court's Order to Show Cause" (Doc. # 122

21   at 6-7) be permanently stricken from the Court record (Doc. # 126).

22                              **BACKGROUND**

23         On January 16, 2009, Plaintiff Suzanne M. Moreno, the sole remaining Plaintiff in this

24   action ("Plaintiff"), filed a Motion for Voluntary Dismissal of this action without prejudice.

25   (Doc. # 104).

26         On March 30, 2009, the Magistrate Judge issued an Order awarding Defendants the sum

27   of $5,173.62 as sanctions for Plaintiff's failure to appear for her deposition. (Doc. # 108). On

28   April 3, 2009, Plaintiff sent a letter to the Magistrate Judge requesting reconsideration of this

Order, based on her inability to pay the $5,713.62 to Defendants by April 30, 2009 as ordered by the Magistrate Judge. (Doc. # 109 at 1). On April 17, 2009, the Magistrate Judge issued an Order which (1) reaffirmed the sanctions award, (2) stayed the deadline for Plaintiff to pay the sanctions, (3) ordered the parties to meet and confer regarding appropriate accommodations for payment of the award in light of Plaintiff's financial condition, and (4) ordered the parties to provide a joint written statement to the Magistrate Judge regarding the status of their discussions by no later than May 1, 2009. (Doc. # 109 at 2).

On April 29, 2009, this Court issued an Order addressing the Motion for Voluntary Dismissal. (Doc. # 110). The Court concluded:

> This case has been vigorously litigated on both sides and has been pending for over two years. The discovery deadline has passed, and final pretrial preparations have commenced. The Court concludes that dismissal without prejudice at this late stage in the proceedings would only be proper if conditioned upon Plaintiff's payment of $3,400.00 to Defendants. This amount represents the attorneys' fees incurred by Defendants in opposing Plaintiff's motion to transfer venue, which cannot be used in any future litigation of Plaintiff's claims. Defendants have not met their burden to demonstrate that the remainder of the attorneys' fees requested would not be useful in future litigation of Plaintiff's claims.

> If Plaintiff accepts this condition, the Court will dismiss this case in its entirety without prejudice on the condition that Plaintiff pay $3,400.00 to Defendants. If Plaintiff considers payment of $3,400.00 to Defendants to be too burdensome a condition, Plaintiff may withdraw her motion for dismissal and proceed with this case on the merits.

(Doc. # 110 at 6-7).

On April 29, 2009, Plaintiff filed an Objection to the Sanctions Order and the Magistrate Judge's April 17, 2009 Order, arguing that the Magistrate Judge's imposition of sanctions was clearly erroneous and contrary to law. (Doc. # 111).

On May 22, 2009, Plaintiff filed "Notice of Acceptance of and Request for Ruling," wherein she stated:

> Pursuant to this Court's order dated April 29, 2009, Plaintiff, Suzanne M. Moreno hereby gives notice of her acceptance of the condition of payment of $3400.00 to Defendants for the attorneys' fees incurred by Defendants in opposing Plaintiff's motion to transfer venue.

> Wherefore, Plaintiff ... respectfully requests that this Court issue a ruling on her Objection to Sanctions Order of Magistrate Judge..., filed on April 29, 2009.

(Doc. # 114 at 1).

On June 22, 2009, this Court issued an Order overruling Plaintiff's objections to the Magistrate Judge's sanctions order.  (Doc. # 116).  The Court also stated:

> [T]he Court will grant Plaintiff's Motion for Voluntary Dismissal (Doc. # 104), with the condition that Plaintiff pay Defendants $3400.00 for the attorneys' fees incurred by Defendants in opposing Plaintiff's motion to transfer venue. However, the Court will delay dismissal of this case so that it may retain jurisdiction for the limited purpose of allowing the Magistrate Judge to resolve the issue of the Rule 37 sanctions award, which is currently stayed.  (Doc. # 109).  Ten days after the Magistrate Judge issues a written decision finally resolving the matter of the sanctions award, the Court will issue an order dismissing this action.

(Doc. # 116 at 9-10).

On July 31, 2009, this Court issued an Order to Show Cause why this case should not be closed.  (Doc. # 118).

On August 11, 2009, the Magistrate Judge issued an Order reaffirming the $5,173.62 sanctions award.  (Doc. # 119).  The Magistrate Judge stated:

> 2.  [The Magistrate Judge] APPROVES the parties' proposed payment plan which requires Plaintiff to pay Defendants the amount of $400 at the end of each month until the sanctions award is paid in full.  The Court's approval of the parties' proposed payment plan is conditioned upon Plaintiff providing the following information to Defendants to substantiate her claimed financial condition by no later than August 27, 2009: (1) the final statements and closure letters from the institutions holding Plaintiff's closed bank accounts showing when and why the accounts were closed, and the amount of funds in those accounts when closed; (2) the names of any person or entity Plaintiff has worked for in the last three months and all pay stubs/compensation statements issued to Plaintiff by all employers/agencies in the last three months; (3) the agreement with the entity Plaintiff was to begin work for on July 13, 2009; and (4) a sworn statement, signed under penalty of perjury, certifying the truth of the representations Plaintiff has made concerning her financial condition.  Plaintiff shall also notify defense counsel of any change in her financial condition during the period in which she is paying the sanctions award.
>
> 3.  If Plaintiff does not provide all of the ... information set forth above, the sanctions must be paid in full to Defendants by no later than September 28, 2009.

(Doc. # 119 at 2-3 (citation and footnotes omitted) (emphasis omitted)).

On August 28, 2009, Defendants filed a response to this Court's July 31, 2009 Order to Show Cause.  (Doc. # 120).  Defendants stated:

> Plaintiff's time for providing the documents and sworn statement as ordered by Magistrate Judge Adler has expired.  As of the date this Response was filed, Defendants have not received any evidence of Plaintiff's financial

condition as ordered.  Accordingly, Plaintiff must now pay the full sanctions award of $5,173.62 to Defendants no later than September 28, 2009.  As of the date this Response was filed, Plaintiff has also not paid Defendants the $3,400 upon which this Court conditioned any dismissal without prejudice.
....

Defendants respectfully request this Court issue an order directing Plaintiff to pay the full sanctions award ($5,173.62) by September 28, 2009, and the $3,400 fees awarded to Defendants in this Court's April 29 and June 22, 2009 orders no later than October 1, 2009.  Only if Defendants receive both of these payments by the dates ordered should this case be dismissed without prejudice.  Otherwise, this Court should dismiss this case in its entirety <u>with</u> prejudice.

(Doc. # 120 at 3 (emphasis in original)).

On September 8, 2009, Plaintiff submitted a "Reply to Defendants' Response to the Court's Order to Show Cause," stating that "[w]hile Plaintiff has accepted the condition to pay Defendants the $3400.00 from this Court's April 29, 2009 Order, nothing has been stated as to the 'how and when' of the payment."  (Doc. # 122 at 5).  Plaintiff concludes:

Plaintiff has not acted in bad faith or done anything to merit a dismissal sanction with prejudice [as] requested by Defendants. ...  Since January 13, 2009, Plaintiff has sought a Voluntary Dismissal Without Prejudice from this Court in hopes of ending this arduous litigation.  Plaintiff asks this Court again to close this litigation by granting Plaintiff's Motion for Voluntary Dismissal Without Prejudice and asks that each side bear its own attorneys fees and costs.

(Doc. # 122, at 7).

On September 17, 2009, the Magistrate Judge issued an an Order to Show Cause why sanctions should not be imposed against Plaintiff and why Section III.A. of Plaintiff's "Reply to Defendants' Response to the Court's Order to Show Cause" should not be stricken.  (Doc. # 123).  The Magistrate Judge stated:

On July 16, 2009, the undersigned initiated a telephone call to Ms. Moreno to discuss a potential settlement of this action.  The undersigned expressly informed Ms. Moreno at the beginning of the call that the Court intended to conduct settlement discussions that were to remain confidential and that the content of the discussions was not to appear in any future court filings.  Ms. Moreno expressed her understanding of the Court's admonition.  Despite the fact that Ms. Moreno was amply notified of the confidentiality of the discussions, and her acknowledgment that she was not to disclose them in any court filing, she went on to specifically set forth the nature and content of the July 16, 2009 settlement discussions in Section III. A of her Reply to Defendants' Response to the Court's Order to Show Cause, filed on September 8, 2009.

Accordingly, Plaintiff Suzanne Moreno is hereby ordered to show cause why sanctions should not be imposed against her for failing to comply with the Court's express verbal order that the settlement discussions held on July 16,

2009 were to remain confidential and that the content of the discussions was not to appear in any court filing.

(Doc. # 123 at 1-2).

On September 28, 2009, Plaintiff filed a response to the September 17, 2009 Order to Show Cause. (Doc. # 125).

On October 5, 2009, the Magistrate Judge issued an Order declining to impose additional monetary sanctions upon Plaintiff but recommending to this Court that Section III.A. of Plaintiff's "Reply to Defendants' Response to the Court's Order to Show Cause" (Doc. # 122 at 6) be permanently stricken from the Court record. (Doc. # 126).

On October 7, 2009, Defendants filed a Notice stating that, as of October 7, 2009, Defendants had not received payment of the $5,173.62 sanction award nor had Defendants received payment of the $3,400 upon which this Court conditioned dismissal without prejudice. (Doc. # 127).

## DISCUSSION

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996). A defendant is only entitled to recover "attorneys' fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993). "When a plaintiff accepts a voluntary dismissal with conditions, does not attempt to withdraw the motion for dismissal, and yet refuses to comply with the conditions, it would ... be proper to convert the dismissal from one without prejudice to one with prejudice." *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 n.2 (9th Cir. 1986) (citations omitted).

The Court hereby modifies the condition upon which the Court will grant Plaintiff's

Motion for Voluntary Dismissal.  As a condition of voluntary dismissal without prejudice, Plaintiff must pay, no later than October 30, 2009, $3,400.00 and $5,173.62 to Defendants.[1] If, no later than October 30, 2009, Plaintiff files proof that these payments have been timely made, this action will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  If Plaintiff fails to timely file proof of payment, this action will be dismissed with prejudice and Plaintiff will not be obligated to pay either the $3,400 or the $5,173.62.  *See Lau*, 792 F.2d at 930 n.2.

## CONCLUSION

IT IS HEREBY ORDERED that, as a condition of voluntary dismissal without prejudice, Plaintiff shall pay, no later than October 30, 2009, $3,400.00 and $5,173.62 to Defendants.  If, no later than October 30, 2009, Plaintiff files proof that these payments have been timely made, this action will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  If Plaintiff fails to timely file proof of payment, this action will be dismissed with prejudice and Plaintiff will not be obligated to pay either the $3,400 or the $5,173.62.

IT IS FURTHER ORDERED that Section III.A. of Plaintiff's "Reply to Defendants' Response to the Court's Order to Show Cause" (Doc. # 122 at 6) is stricken from the Court record.

DATED:  October 16, 2009

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

---

[1]  The Court finds that $5,173.62—i.e., the expenses caused by Plaintiff's failure to appear at her deposition—constitute "attorneys' fees or costs for work which is not useful in continuing litigation between the parties." *Koch*, 8 F.3d at 652.